IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ROCHELLE COLEMAN,

        Plaintiff,

  v.

PAULA ENGLE, *et al.*,

        Defendants.

Civil Action No.
5:16-CV-0833 (MAD/DEP)

---

APPEARANCES:          OF COUNSEL:

FOR PLAINTIFF:

ROCHELLE COLEMAN, *Pro Se*
231 Lilac Street
Syracuse, NY 13208

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

*Pro se* plaintiff Rochelle Coleman has filed as one action three civil rights complaints against an attorney,[1] the Onondaga County Social

---

[1] The court believes that plaintiff has misspelled this defendant's last name, which the court believes is properly spelled "Engel." Because, however, plaintiff has spelled this defendant's last name as "Engle" in the caption, and the court is recommending

Services Commissioner and Comptroller, and the Onondaga County Comptroller.[2] *See* Dkt. Nos. 1, 1-1, and 1-2. The separate complaints are purportedly brought pursuant to three different civil rights statutes including (1) 42 U.S.C. § 1983 ("section 1983") (Dkt. No. 1); (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.* (Dkt. No. 1-1); and (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Dkt. No. 1-2). Plaintiff has also sought leave to proceed *in forma pauperis* ("IFP"), and moved for appointment of *pro bono* counsel. Dkt. Nos. 2, 4. For the following reasons, I will grant plaintiff's IFP application for filing purposes, but will deny plaintiff's motion for appointment of counsel and recommend dismissal of the entire action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I. BACKGROUND

Plaintiff commenced this action on July 8, 2016. Dkt. No. 1.[3]

---

dismissal with prejudice, there is no need to further consider whether the defendant has been mis-named.

[2] The caption incorrectly lists as a separate defendant the Comptroller for the Onondaga County Department of Social Services. The Clerk is respectfully directed to update the caption to reflect the termination of this party defendant from the action.

[3] On the same date, plaintiff commenced four other actions, all containing multiple complaints and filed with accompanying requests to proceed *in forma pauperis*. *See Coleman v. Detter*, No. 5:16-cv-834 (MAD/DEP) (suing attorneys involved in a Family Court child protective proceeding involving plaintiff and her children); *Coleman v. Syracuse Police Dep*'t, No. 5:16-cv-836 (LEK/TWD) (suing police department and 911 call operators regarding the handling of complaints made by plaintiff); *Coleman v. Sutkowsky*, No. 5:16-cv- 837 (MAD/DEP) (claiming that defendants have ignored her welfare fraud complaints against Onondaga County Social Services workers); and *Coleman v. Olinsky*, No. 5:16-cv-838 (MAD/DEP) (suing plaintiff's attorneys claiming

2

Accompanying her complaint was an application for leave to proceed IFP. Dkt. No. 2.

Each of plaintiff's complaints relates to defendants' alleged role in "welfare fraud" and "stolen [social security] benefits" suffered by plaintiff. *See generally* Dkt. Nos. 1, 1-1, and 1-2. In her section 1983 complaint, plaintiff alleges that her social security benefits were "stolen," and that she was "retaliated against" by unidentified "workers." Dkt. No. 1. Though difficult to discern, it appears plaintiff's claim is that, as a result of her accusing "county workers" of welfare fraud, her children were removed from her custody, and defendants somehow played a role by either not responding to her complaints, or "conspir[ing]" with others to cover up the fraud and have her children removed. Plaintiff asserts three causes of action based on these allegations, which the court construes with the utmost liberality as claims for violation of due process rights, unlawful seizure, retaliation, and conspiracy to deprive her of constitutional rights. *Id.* at 3. As relief plaintiff seeks "justice" and eight million dollars in "restitution." *Id.* at 4.

In her Title VII complaint, plaintiff asserts a claim for employment discrimination on the basis of her race, national origin, income, disability,

---

that benefits were unlawfully taken, overcharging on fees, and benefits wrongfully unreported). In addition, plaintiff filed two earlier lawsuits containing multiple complaints for filing on June 22, 2016. *See Coleman v. Levandowski*, No. 5:16-cv-734 (NAM/ATB) (suing social workers involved in child protective proceeding involving plaintiff and her children); and *Coleman v. Hanuszczak*, No. 5:16-cv-735 (NAM/ATB) (suit against Family Court Judge in a child protective proceeding).

and education. Dkt. No. 1-1 at 2. In support of this claim, plaintiff alleges that defendants "fail[ed] to investigate [her] report of fraud and misconduct" and that the Commissioner instead provided a complaint she filed against a family court judge to that judge in retaliation for her filing complaints. *Id.* at 3-4. Plaintiff seeks as relief "justice" and three million dollars in "compensation" and "no further misconduct." *Id.* at 5.

In her ADA complaint, plaintiff lists her disabilities as including PTSD, insomnia, depression, anxiety, arthritis, brain surgery, lung cancer, heart cancer, brain cancer, migraines, and heart palpitations. Dkt. No. 1-2 at 3. Plaintiff alleges that Paula Engle, an attorney and a named defendant in this case, "tried to cover up crimes committed against [her] family" and "tries to work both sides" which "is a conflict." *Id.* at 4. She alleges that Sarah Merrick, the Commissioner and Comptroller of the Onondaga County Department of Social Services, and also a defendant in the action, "ignored evidence submitted, retaliated against and never wrote [Coleman] to address [her] issues." *Id.* In addition, plaintiff alleges that Robert Antonacci, the Onondaga County Comptroller and a third named defendant, "ignored [Coleman's] complaints after he said he would investigate [her] reports" and "yelled at [her] for emailing his boss." *Id.* (emphasis omitted.) Plaintiff has not stated the relief she seeks relative to this claim.

II. DISCUSSION

   A. Application to Proceed *In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that she is unable to pay the required filing fee.[4] 28 U.S.C. § 1915(a)(1). In this instance, having reviewed plaintiff's IFP application, which includes a statement from plaintiff that she is unable to pay the filing fee and a summary of her assets, I conclude that she is eligible for IFP status. *See* 28 U.S.C. § 1915(a)(1); *see also Coleman v. Syracuse Police Department*, 16-cv-0836, Dkt. No. 5 (N.D.N.Y. July 22, 2016) (Dancks, M.J.) (granting this plaintiff's application to proceed *in forma pauperis*); *Coleman v. Levandowski*, 16-cv-0734, Dkt. No. 5 (N.D.N.Y. June 28, 2016) (Baxter, M.J.) (same). Her application for leave to proceed *in forma pauperis* is therefore granted.

   B. Sufficiency of Plaintiff's Claims

      1. Standard of Review

Having granted plaintiff's request for leave to proceed *in forma*

---

[4] The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

*pauperis,* the court must now review the sufficiency of the allegations set forth in her complaints to determine whether dismissal *sua sponte* is warranted, pursuant to 28 U.S.C. § 1915(e)(2)(B). That section directs that when a plaintiff seeks to proceed *in forma pauperis*, the court

> shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed.[5]

---

[5] "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a

6

*See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable.'" *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D. D.C. 1977)) (italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

defense that appears on the face of the complaint.").

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

        2.     Analysis of Plaintiff's Claims

            a.     Section 1983

Plaintiff's section 1983 claims are asserted against an attorney who apparently works for the Onondaga County Department of Social Services,[6] the Commissioner and Comptroller of the Onondaga County Department of Social Services, and the Onondaga County Comptroller. Dkt. No. 1. As was noted above, plaintiff appears to be claiming that, as a result of her accusing "county workers" of welfare fraud, her children were removed from her custody, and defendants somehow played a role in the removal of her

---

[6] The address provided for defendant Engle is the same as the address provided for the Commissioner of the Department of Social Services. *See* Dkt. No. 1 at 1-2.

children by either not responding to her complaints, or "conspir[ing]" with others to cover up the fraud and have her children removed. The court has liberally construed these allegations as attempting to assert claims for retaliation, violation of due process rights, unlawful seizure, and conspiracy.[7] Moreover, the court assumes, without deciding, that plaintiff has alleged the requisite state action to support claims under section 1983 against the defendants.

A cognizable section 1983 retaliation claim lies when state actors take adverse action against an individual that is motivated by that individual's exercise of a constitutional right, including the free speech provisions of the First Amendment. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000) ("In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws."). To succeed on a section 1983 claim for retaliatory conduct, a plaintiff must demonstrate that (1) she engaged in protected conduct; (2) the defendants took adverse action against her; and (3) there was a causal connection between the protected

---

[7] The court has liberally construed plaintiff's complaint to include due process and unlawful seizure claims because plaintiff has raised, albeit in conclusory fashion, allegations regarding defendants' involvement in the removal of her children from her custody. *See Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("[P]arents have a fundamental, constitutionally protected liberty interest in the custody of their children."); *Yuan v. Rivera*, 48 F.Supp.2d 335, 348 (S.D.N.Y. 1999) (under the Fourth Amendment "children may not lawfully be removed from their parents' custody without probable cause").

activity and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the government official's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007); *Garrett v. Reynolds*, No. 99-CV-2065, 2003 WL 22299359, at *4 (N.D.N.Y. Oct. 3, 2003) (Sharpe, M.J.).

In this case, liberally construed, plaintiff has alleged that defendants received complaints from plaintiff concerning her belief that she was the victim of welfare fraud, and did not take action to address these complaints. The only adverse action identified by plaintiff is the removal of her children from her custody. Plaintiff, however, has failed to allege facts plausibly suggesting that any of the defendants were personally involved in the decision to remove plaintiff's children from her custody, or that this alleged adverse action was motivated by the complaints that she made. Accordingly, plaintiff has failed to state a claim for retaliation under the First Amendment. *Alicea v. Maly*, 12-cv-0203, 2013 WL 4508719, at *4, *8 (N.D.N.Y. Aug. 23, 2013) (affirming recommendation of dismissal of defendant where plaintiff failed to allege personal involvement in alleged adverse action); *Brooks v. Rock*, 11-cv-1171, 2014 WL 1292232, at *18 (N.D.N.Y. Mar. 28, 2014) (Report-Recommendation of Baxter, M.J., adopted by Sharpe, C.J.).

Plaintiff has likewise failed to state a due process or unlawful seizure

claim because she has failed to allege facts plausibly suggesting that any of the defendants were personally involved in any respect with the removal of plaintiff's children from her custody. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."); *see also Hernandez v. Keane*, 341 F.3d 137, 144-45 (2d Cir. 2003). Accordingly, plaintiff has failed to state a claim for violation of her due process rights under the Fourteenth Amendment or for unlawful seizure under the Fourth Amendment.

Plaintiff's conspiracy claim fares no better. "To sustain a conspiracy claim under § 42 U.S.C.1983, a plaintiff must demonstrate that a defendant 'acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights ... secured by the Constitution or the federal courts.'" *Krebs v. New York State Division of Parole*, 08-cv-0255, 2009 WL 2567779, at *13 (N.D.N.Y. Aug. 17, 2009) (quoting *Malsh v. Austin*, 901 F.Supp. 757, 763 (S.D.N.Y. 1995)). It is well-settled that "conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983." *Praileau v. County of Schenectady*, 09-cv-0924, 2009 WL 6870359, at *5 (N.D.N.Y. Aug. 20, 2009) (citing *Brown v. City of Oneonta*,

106 F.3d 1125, 1133 (2d Cir. 1997)). Rather, where a plaintiff has set forth a claim of conspiracy, "a higher burden is imposed and requires that the plaintiff file a detailed factual pleading." *Rigby v. Coughlin*, 730 F.Supp. 1196, 1199 (N.D.N.Y. 1990) (McAcvoy, J.). Plaintiff has failed to provide any details relative to defendants' alleged involvement in the conspiratorial conduct that plaintiff vaguely alleges took place with respect to her social security benefits. Plaintiff has likewise failed to allege that any of the defendants entered into an agreement with anyone to deprive plaintiff of her constitutional rights. Plaintiff has therefore failed to state a claim against the defendants for conspiracy to deprive her of her constitutional rights.

In addition, even if a claim for damages could proceed against one or more of the defendants, consideration of any constitutional issues would be barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, a federal court has no subject matter jurisdiction over a case that seeks to reverse or modify a state court decision, or a case in which the federal claims are 'inextricably intertwined' with the merits of the state court's judgment." *Velez v. Reynolds*, 325 F.Supp.2d 293, 305 (S.D.N.Y. 2004) (citing *Phifer v. City of New York*, 289 F.3d 49, 55–56 (2d Cir. 2002); *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996); *Harp v. City of New York*, 218 F.Supp.2d 495, 498 (S.D.N.Y. 2002)). "A federal claim is

inextricably intertwined with a state court judgment if the 'federal district court would necessarily have to determine that the state court erred in order to find that the federal claims have merit.'" *Torres v. Family Court/Admin. for Children's Servs.*, No. 01 Civ. 4351, 2001 WL 1111510, at *2 (S.D.N.Y. Sept. 20, 2001) (quoting *Khal Charidim Kiryas Joel v. Village of Kiryas Joel*, 935 F.Supp. 450, 455 (S.D.N.Y. 1996)).

Consideration of the merits of any due process or unlawful seizure claim based upon the removal of plaintiff's children from her custody would require the court to analyze whether the state court erred in its removal determination. Similarly, for plaintiff to succeed on her retaliation claim, she would need to establish that there was no legitimate basis for the removal of her children from her custody, which is the alleged adverse action experienced by plaintiff. *See Scott v. Coughlin*, 344 F.3d 282, 287-88 (2d Cir. 2003) ("Regardless of the presence of retaliatory motive, ... a defendant may be entitled to summary judgment if he can show dual motivation, *i.e.*, that even without the improper motivation the alleged retaliatory action would have occurred."); *see also Lowrance v. Achtyl*, 20 F.3d 529, 535 (2d Cir. 1994) (affirming dismissal on summary judgment because correction officer's actions were of mixed motives and "would have been issued on proper grounds alone"); *Sher v. Coughlin*, 739 F.2d 77, 81-82 (2d Cir. 1984) (affirming summary judgment dismissal of prisoner's retaliation claim where dual motivation existed for prisoner's transfer to another facility). Proving

this would also require the court to analyze whether the state court erred in its removal decision. Thus, all of plaintiff's constitutional claims are inextricably intertwined with the state court judgment.[8]

Accordingly, and since there does not appear to be any other federal right implicated by plaintiff's allegations, I recommend that her Section 1983 complaint be dismissed with prejudice against the defendants.

### b. Title VII

In bringing her Title VII claims, plaintiff has used a form complaint designed for use in pleading claims of employment discrimination. Yet, plaintiff does not allege employment discrimination in this action. Rather, plaintiff has checked off sections of the form complaint to allege that the defendants discriminated against her by failing to investigate her reports of fraud. These allegations do not state an employment discrimination claim under Title VII. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (reciting the elements of a Title VII claim).

In any event, a Title VII action may not be brought against individuals. *See Sassaman v. Gamache*, 566 F.3d 307, 315-16 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)). In addition, Title VII requires a right-to-sue letter to be filed with the complaint showing that plaintiff exhausted her administrative remedies, *see* 42 U.S.C.

---

[8] Plaintiff's conspiracy claim requires an underlying constitutional violation. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995); *Clark v. City of Oswego*, 03-cv-0202, 2007 WL 925724, at *7 (N.D.N.Y. Mar. 26, 2007) (Mordue, C.J.).

§ 2000e-5(f)(1),[9] which plaintiff has not attached to her complaint.

Accordingly, and for all of these reasons, I recommend that plaintiff's Title VII complaint be dismissed with prejudice against the defendants.

### c. ADA

Plaintiff's ADA claims are set forth on a form complaint in which she lists, under the section that asks for a description of the claimant's "disability", a series of impairments from which she allegedly suffers. Dkt. No. 1-2 at 3. The ADA provides for protection against retaliation based upon disability. 42 U.S.C. § 12101 *et seq*. Title I of the ADA governs employment actions; Title II covers public services and programs; and Title III governs public accommodations. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Retaliation claims are governed by Title V's miscellaneous provisions, but may be predicated on, for example, Title II. *Maioriello v. N.Y.S. Office for People with Dev. Disabilities*, 14-CV-0214, 2015 WL 5749879, at *12 (N.D.N.Y. Sept. 30, 2015) (Suddaby, J.) (holding that the Eleventh Amendment did not bar plaintiff's ADA Title V retaliation claim where it was predicated on Title II) (citing cases).

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be

---

[9] *See also Hodge v. New York College of Podiatric Medicine*, 157 F.3d 164, 168 (2d Cir. 1998) (stating that "Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court").

subjected to discrimination by any such entity." 42 U.S.C. § 12182.[10] The anti-retaliation provision contained in Title V provides that "[n]o private or public entity shall discriminate against any individual who has opposed any act or practice made unlawful by this part or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

As an initial matter, plaintiff has failed to allege facts plausibly explaining how she was retaliated against "by reason of [her] disability." Instead, plaintiff simply alleges that the defendants ignored her complaints or, in the case of defendant Engle, "cover[ed] up crimes committed against plaintiff's family." I note, moreover, that "[t]he ADA does not provide for individual liability." *Hodges v. Wright*, 10-cv-0531, 2011 WL 5554866, at *8 (N.D.N.Y. Sept. 29, 2011) (citing *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998)).

Accordingly, I recommend that plaintiff's ADA complaint be dismissed with prejudice against the defendants.

C. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. Dkt. No. 4. Her

---

[10] "The question of whether the Eleventh Amendment bars ADA claims under Title II against a state is an unsettled question among the circuits." *See Cabassa v. Smith*, 06-cv-0852, 2009 WL 3124061, at *11 (N.D.N.Y. Sept. 29, 2009) (Report-Recommendation of Peebles, M.J., adopted by Hurd, J.). However, I need not decide this issue in light of the other reasons cited for recommending dismissal of this claim.

16

motion includes a statement that "Legal Aid" denied her request for a lawyer and the "SU Lawyer Program" told her "they have no lawyers until September 2016." *Id.* Plaintiff has also attached to her motion letters from the Central New York Legal HelpLine and Legal Services of Central New York addressed to her and dated several months before she commenced this action. *Id.* at 2-4.

Even if the court were not recommending dismissal of plaintiff's complaint with prejudice, a more fully developed record would be necessary before a meaningful assessment could be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, plaintiff's motion for appointment of counsel is denied without prejudice. Should the assigned district judge reject my recommendation and allow some or all of plaintiff's claims to proceed, plaintiff will be permitted to make a subsequent motion for appointment of counsel.

> D. Opportunity to Amend

While generally, when a *pro se* complaint is *sua sponte* dismissed, the court should afford the plaintiff the opportunity to amend at least once, leave to re-plead may be denied where amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Amendment is futile when the problem with plaintiff's causes of action is substantive such that a

17

better pleading will not cure the deficiency. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

In this case, for the reasons set forth above, there exists no possible basis for plaintiff's Title VII and ADA complaints to proceed against any of the defendants, who cannot be sued individually under either statute. Moreover, with respect to plaintiff's section 1983 complaint, the claims set forth therein depend in some respect on the propriety of the removal of plaintiff's children from her custody, and are therefore barred by *Rooker-Feldman*. Accordingly, I recommend that plaintiff's claims in this action be dismissed with prejudice, and without the opportunity to amend.

III. SUMMARY AND RECOMMENDATION

A review of plaintiff's application for leave to proceed *in forma pauperis* in this action reflects that she is eligible for IFP status, which will therefore be conferred. A review of her complaint, however, reveals that it fails to state a claim upon which relief may be granted. Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED for filing purposes only; and it is further

ORDERED that plaintiff's motion for appointment of counsel (Dkt. No. 4) is DENIED without prejudice; and it is further

ORDERED that the clerk amend the caption and terminate as a defendant in this action the Comptroller for the Onondaga County

Department of Social Services; and it is further respectfully

RECOMMENDED that plaintiff's complaints in this action (Dkt. No. 1; Dkt. No. 1-1; Dkt. No. 1-2) be DISMISSED, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this order and report and recommendation upon the parties in accordance with this court's local rules.

Dated: July 29, 2016
Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge