**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROCHELLE COLEMAN,**

        **Plaintiff,**

vs.                5:16-cv-00833
                   (MAD/DEP)

**PAULA ENGLE, SARAH MERRICK, Onondaga
County of Social Services Commissioner,
ROBERT ANTUNACCI, Onondaga County
Comptroller,**

        **Defendants.**

_____

**APPEARANCES:**         **OF COUNSEL:**

**ROCHELLE COLEMAN**
231 Lilac Street
Syracuse, New York 13208
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On July 8, 2016, *pro se* Plaintiff Rochelle Coleman filed three civil rights complaints as one action against Defendants Paula Engle, an attorney, Sarah Merrick, the Onondaga County Social Services Commissioner and Comptroller, and Robert Antunacci, the Onondaga County Comptroller. *See* Dkt. Nos. 1, 1-1, and 1-2. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 ("section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq. See id.*

On July 29, 2016, Magistrate Judge Peebles issued a Report, Recommendation and Order granting Plaintiff's application to proceed *in forma pauperis* ("IFP") while denying Plaintiff's motion for appointment of counsel. *See* Dkt. No. 6 at 18. After review, Magistrate Judge Peebles

recommended the Court dismiss all three of Plaintiff's complaints with prejudice due to her failure to state a claim. *See id.* at 19. Currently before the Court is Magistrate Judge Peebles' Report, Recommendation and Order.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards pro se litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (citing *Moreman v. Douglas*, 848 F. Supp. 332, 333-334 (N.D.N.Y. 1994) (internal citations omitted)); *see also Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by the applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

Neither party objected to Magistrate Judge Peebles' Report, Recommendation, and Order. As a general matter, when a party files specific objections to a magistrate judge's report and recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "'[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge,'" the court reviews those recommendations "'for clear error.'" *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice

3

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In her section 1983 complaint, Plaintiff alleges that her benefits were stolen, accuses "county workers" of welfare fraud and asserts that after she made her accusations, Defendants contributed to the wrongful removal of her children from her custody. *See* Dkt. No. 1 at 3; *see also* Dkt. No. 6 at 3. Specifically, Plaintiff claims that Defendants ignored her complaints, conspired to cover up the fraud, and conspired to remove Plaintiff's children from her custody. *See* Dkt. No. 1 at 3. Liberally construed, Plaintiff's section 1983 complaint includes claims for retaliation, violation of due process rights, unlawful seizure, and conspiracy to deprive Plaintiff of constitutional rights. *See* Dkt. No. 6 at 9.

A section 1983 retaliation claim exists when a state actor takes adverse action against a plaintiff motivated by the plaintiff's exercise of a constitutional right, such as free speech under the First Amendment. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000) ("In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws") (citations omitted). To succeed on a section 1983 claim for retaliatory conduct, a plaintiff must demonstrate that (1) she engaged in protected conduct; (2) the defendant took adverse action against her; and (3) there was a causal connection between the protected activity and the adverse

4

action – in other words, that the protected conduct was a "substantial or motivating factor" in the government official's decision to take action against the plaintiff. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007); *Garrett v. Reynolds*, No. 9:99-cv-2065, 2003 WL 22299359, *4 (N.D.N.Y. Oct. 3, 2003).

Here, in connection with Plaintiff's section 1983 claim for retaliatory conduct, the only identified adverse action is the removal of her children. *See* Dkt. No. 1 at 3. As Magistrate Judge Peebles correctly found, Plaintiff has failed to allege any facts to plausibly suggest that Defendants were involved in the decision to remove Plaintiff's children from her custody, or that this alleged adverse action was motivated by Plaintiff's complaints. *See* Dkt. No. 6 at 10.

As to the second claim in her section 1983 complaint, Magistrate Judge Peebles correctly determined that Plaintiff failed to state a claim for violation of due process under the Fourteenth Amendment or unlawful seizure under the Fourth Amendment. *See id.* at 10-11. Again, Plaintiff alleges nothing that "plausibly suggest[s] that any of the defendants were personally involved in any respect with the removal of [P]laintiff's children from her custody." *See id.* at 11; *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation") (citations omitted).

Lastly, Magistrate Judge Peebles correctly determined that Plaintiff's section 1983 conspiracy claim failed to state a claim against Defendants. *See* Dkt. No. 6 at 11-12. Plaintiff failed to provide any details "relative to defendants' alleged involvement in the conspiratorial conduct" and she "failed to allege any of the defendants entered into an agreement with anyone to deprive [P]laintiff of her constitutional rights." *See id.* at 12. To sustain a conspiracy claim under

5

42 U.S.C. § 1983, "a plaintiff must demonstrate that a defendant 'acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the Constitution or the federal courts.'" *Krebs v. New York State Division of Parole*, No. 9:08-cv-0255, 2009 WL 2567779, *13 (N.D.N.Y. Aug. 17, 2009) (quoting *Malsh v. Austin*, 901 F. Supp. 757, 763 (S.D.N.Y. 1995)). Finally, Magistrate Judge Peebles also correctly determined that all claims raised in Plaintiff's section 1983 complaint are also subject to dismissal pursuant to the *Rooker-Feldman* doctrine. *See Torres v. Family Court/Admin. for Children's Servs.*, No. 01 Civ. 4351, 2001 WL 1111510, *2 (S.D.N.Y. Sept. 20, 2001) (citations omitted); *Scott v. Coughlin*, 344 F.3d 282, 287-88 (2d Cir. 2003). Therefore, the Court dismisses Plaintiff's section 1983 complaint with prejudice.

Plaintiff's Title VII complaint asserts a claim for employment discrimination on the basis of her race or color, national origin, education, income, and disability. *See* Dkt. No. 1-1 at 2. Plaintiff alleges that Defendants failed to investigate her report of fraud. *See id.* at 3. Plaintiff also accuses the Commissioner of providing a complaint she filed against a family court judge to that judge in retaliation for unspecified conduct. *See id*. at 4. Magistrate Judge Peebles recommends the Court dismiss Plaintiff's Title VII complaint with prejudice. *See* Dkt. No. 6 at 15. Plaintiff, using a form complaint designed for pleading employment discrimination, "allege[d] that the [D]efendants discriminated against her by failing to investigate her reports of fraud." As Magistrate Judge Peebles correctly determined, these allegations do not state an employment discrimination claim under Title VII. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005) (reciting the elements of a Title VII claim). Additionally, "'individuals are not subject to liability under Title VII.'" *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (quoting *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004)) (other

6

quotations omitted). Moreover, "Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit in court" which Plaintiff failed to attach to her complaint. *See Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 168 (2d Cir. 1998) (citing 42 U.S.C. § 2000e-5(f)(1)) (other citations omitted). Therefore, the Court dismisses Plaintiff's Title VII complaint with prejudice.

Plaintiff's ADA complaint lists the following disabilities: PTSD, insomnia, depression, anxiety, arthritis, brain surgery on November 10, 2015, paralyzed right hand, lung, heart, and brain cancer, migraines and heart palpitations. *See* Dkt. No. 1-2 at 3. In her complaint, she alleges that Defendant Engle "tried to cover up crimes committed against [her] family" and "tries to work both sides" which "is a conflict." *Id*. at 4. Plaintiff alleges Defendant Merrick, "ignored evidence submitted, retaliated against and never wrote [Coleman] to address [her] issues." *Id*. Lastly, Plaintiff alleges Defendant Antonacci "ignored [Coleman's] complaints after he said he would investigate [her] reports" and "yelled at [her] for emailing his boss." *Id*. (emphasis omitted).

Magistrate Judge Peebles recommends dismissal of Plaintiff's ADA complaint with prejudice. *See* Dkt. No. 6 at 16. The ADA provides for protection against retaliation based upon disability. *See* 42 U.S.C. § 12101 *et seq*. The anti-retaliation provision contained in Title V provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). As Magistrate Judge Peebles correctly determined, Plaintiff failed to allege any facts as to how she was retaliated against by reason of her disability. Instead, Plaintiff simply alleges that Defendants ignored her complaints or, in the

case of Defendant Engle, "cover[ed] up crimes committed against [P]laintiff's family." Such allegations are insufficient to support an ADA claim. Additionally, "[t]he ADA does not provide for individual liability." *Hodges v. Wright*, No. 9:10-cv-0531, 2011 WL 5554866, *8 (N.D.N.Y. Sept. 29, 2011) (citing *Herzog v. McLane Northeast, Inc.*, 999 F. Supp. 274, 276 (N.D.N.Y. 1998)). Therefore, the Court dismisses Plaintiff's ADA complaint with prejudice.

Magistrate Judge Peebles also correctly determined that Plaintiff's complaints should be dismissed with prejudice. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires"); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where the court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit explained, "[w]here it appears that granting leave to amend is unlikely to be productive . . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted). Although courts generally permit a *pro se* litigant leave to amend at least once, the Court finds that amendment is inappropriate in this case. As Magistrate Judge Peebles explained, Plaintiff's Title VII and ADA complaints cannot proceed because the statutes do not permit suits against defendants in their individual capacities. Moreover, amendment would be futile as to Plaintiff's section 1983 claims because they depend

8

on the propriety of the removal of Plaintiff's children from her custody and, therefore, are barred by the *Rooker-Feldman* doctrine. *See id.* As a result, Plaintiff's claims in all three complaints are dismissed with prejudice.

After carefully reviewing Plaintiff's submissions, Magistrate Judge Peebles' July 29, 2016 Report, Recommendation and Order, the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation and Order (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaints are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge